UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS DAVID PEREZ CHOURIO,

Petitioner,

v.

KEVIN RAYCRAFT, et al.,

Respondents.

Case No. 1:26-cv-2166

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Background**

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.1; Resp., ECF No. 4, PageID.14.) Petitioner presented at the United States border on or around December 20, 2023, and the Department of Homeland Security (DHS) detained and charged him as an arriving noncitizen not in possession of proper travel or entry documents. (Pet., ECF No. 1, PageID.3.) Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5), applied for asylum, and received a work authorization. (*id.*, PageID.3–4; Resp., ECF No. 4, PageID.14.) DHS terminated Petitioner's parole on April 18, 2025. (Resp., ECF No. 4, PageID.14.)

On July 21, 2026, ICE arrested Petitioner and processed him as a custody redetermination. (*id.*) DHS subsequently detained Petitioner at the North Lake Processing Center in Baldwin, Michigan. (*id.*) Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[1]

On July 27, 2026, Petitioner filed a petition challenging the lawfulness of his current detention. Petitioner asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on August 3, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed a response on August 6, 2026. (Resp., ECF No. 4.)

The Court subsequently ordered Respondents to file a notice "identifying: (1) the date, if any, upon which Petitioner's parole was set to expire absent its April 18, 2025, termination; and (2) the outcome of Petitioner's immigration hearing on August 6, 2026." (Order, ECF No. 5 at PageID.39–40.) Respondents filed a notice on August 17, 2026, stating the following:

> Immigration officers paroled Petitioner into the United States in December 2023. The U.S. Department of Homeland Security (DHS) granted Petitioner parole for two years, until December 18, 2025. Had DHS not terminated Petitioner's parole on April 18, 2025, Petitioner's parole would have automatically terminated on December 18, 2025, six months before DHS took him into custody.
>
> Petitioner appeared in immigration court on August 6, 2026. During the hearing, the immigration judge advised Petitioner of his rights, and, upon Petitioner's request, granted Petitioner a continuance to hire an attorney. Petitioner is scheduled to appear in immigration court again on August 20, 2026.

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

*See* Notice, ECF No. 6 at PageID.41; 8 C.F.R. § 212.5(e)(1) (providing that parole "automatically terminate[s] without written notice . . . at the expiration of the time for which parole was authorized.")[2]

## II. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[3]

---

[2] This Court has previously concluded that if a petitioner's parole has expired by its own terms prior to or during the petitioner's detention, the petitioner may request a bond hearing if appropriate under *Lopez-Campos v. Raycraft* and its analysis of 8 U.S.C. §§ 1225 & 1226. *See* Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026). But such a petitioner is not entitled to immediate release on facts like those presently before the Court. *See, e.g., Aray Lattinez v. Mullin,* No. 1:26-cv-1072, ECF No. 6, PageID.97 (W.D. Mich. April 20, 2026) (applying §§ 1225 and 1226 analysis where Petitioner's parole expired while the petitioner was detained); *Mujica-Pena v. Raycraft,* No. 1:26-cv-684, ECF No. 10, PageID.149 (W.D. Mich. April 6, 2026) (same).

[3] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

**B. Fifth Amendment Due Process Considerations**

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts' determination that the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4] The Court will

[4] Respondents have acknowledged and applied *Lopez-Campos*'s holding in some cases since May 11, 2026. *See, e.g.*, Resp., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, ECF No. 3, PageID.12 (W.D. Mich. May 29, 2026) (acknowledging that a petitioner "is entitled to a custody redetermination hearing in immigration court" under *Lopez-Campos* when the petitioner had not presented himself at the border). When Respondents have committed to applying the holding from *Lopez-Campos*, the Court has generally ruled that the petitioner must give the government the opportunity to make good on its commitment, resulting in dismissal without prejudice for failure to exhaust administrative remedies. *See* Op., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-

order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[5] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 20, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

01686, ECF No. 5, PageID.19 (W.D. Mich. June 2, 2026). Respondents, however, have taken the position that *Lopez-Campos*'s holding does not apply when a petitioner originally presented himself or herself at the border and was subsequently allowed to enter the country. *See, e.g.,* Resp., *Chehaydi v. Raycraft*, No. 1:26-cv-1519, ECF No. 6, PageID.187 (W.D. Mich. May 14, 2026) (stating that petitioner was not entitled to a custody redetermination hearing when he had presented himself at the border). Because Respondents have not committed to applying *Lopez-Campos*'s holding to this case—and because they do not seem likely to do so—the Court will not require Petitioner to seek a bond hearing and will instead order Respondents to provide him with one.

[5] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.